UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MATTHEW DUBAY,

        Plaintiff,

                                                    Case Number 06-11016-BC
v.                                                 Honorable David M. Lawson

LAUREN WELLS, an individual, and
SAGINAW COUNTY PROSECUTING
ATTORNEY'S OFFICE, by and through,
MICHAEL D. THOMAS, prosecutor,

        Defendants,

and

MICHAEL A. COX, Attorney General
of the State of Michigan,

        Intervening-Defendant.
_____ /

## ORDER REJECTING STIPULATION

        Plaintiff Matthew Dubay filed this action seeking a declaration that the Michigan's paternity statute is unconstitutional. Pursuant to that legislation, the Saginaw County, Michigan prosecuting attorney (defendant Michael D. Thomas), on the relation of defendant Lauren Wells, filed an action in state court for a judgment of filiation against Dubay seeking an order for him to pay child support and confinement costs to defendant Ms. Wells, the mother of Dubay's child. Now before the court is a stipulation signed by the parties purporting to dismiss the case against defendant Wells, only. Because Wells is a necessary party to the litigation, as explained below, the Court must reject the stipulation and retain Wells as a party defendant in the case.

I.

The facts, as alleged, are straightforward. According to the amended complaint, the plaintiff and defendant Wells had a child together, despite the plaintiff's express desires to the contrary and Wells's assurances that she was on birth control and otherwise was infertile. Thereafter, Wells signed a paternity complaint and the Saginaw County, Michigan prosecutor initiated proceedings pursuant to Michigan's Paternity Act, Mich. Comp. Laws § 722.711 *et seq.*, to force the plaintiff to help support the child and share the costs of the delivery. The plaintiff responded, in part, by filing a lawsuit in this Court challenging the constitutionality of that statute and its enforcement against him under the Fourteenth Amendment's Equal Protection Clause. On May 10, 2006, the parties presented the instant stipulation.

II.

The joinder of "necessary" parties in a lawsuit is governed by Federal Rule of Civil Procedure 19, which states in part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action *shall be joined as a party* in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a) (emphasis added).

Rule 19 "reflect[s] a policy decision that other interests – primarily the protection of other parties and absentees – outweigh the interest in plaintiff autonomy" namely whom to join as party defendants. 4 *Moore's Federal Practice* § 19.02[1]. Rule 19 has been described as "the exception

to the otherwise general policy of allowing the plaintiff to decide who shall be parties to the lawsuit." *Lopez v. Martin Luther King, Jr. Hosp.*, 97 F.R.D. 24, 28 (C.D. Cal. 1983).

Although the office of Rule 19 generally is to "establish[] guidelines for determining when it is proper to dismiss a case [when] a person or entity [that] has an interest in the outcome of the litigation . . . [cannot be joined without] depriv[ing] the court of subject matter jurisdiction," *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 664 (6th Cir. 2004), the Court believes that Rule 19 also provides guidance in the present circumstance where a party attempts to withdraw from the litigation. A panel of the Sixth Circuit has observed that "Rule 19 is the tool of the defendant, as the plaintiff has the power to choose which parties it wishes to sue and generally has ample freedom to amend its complaint to add a party." *Id.* at 669. Nonetheless, some of the factors that are used to implement Rule 19's "pragmatic approach" are useful in deciding whether a joined defendant seeking to leave the litigation is indispensable to the lawsuit. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 116 n. 12 (1968) (noting that the 1966 amendment of Rule 19 "emphasizes the pragmatic consideration of the effects of the alternatives of proceeding or dismissing" and it eliminated the strict classifications of "necessary" and "indispensable" parties while noting that "the two approaches should come to the same point, since the only reason for asking whether a person is 'necessary' or 'indispensable' is in order to decide whether to proceed or dismiss in his absence"). Pre-1966 amendment jurisprudence defined indispensable parties as "those without whom the action cannot proceed." *Jamison v. Memphis Transit Management Co.*, 381 F.2d 670, 674 (6th Cir. 1967). Their importance is such that "[t]hey must be joined even if by such joinder the court loses jurisdiction over the controversy," say, in a diversity action. *Ibid.* "Necessary parties are those who have an interest in the controversy but whose interests are

separable and will not be directly affected by a decree rendered in their absence, which does full justice between the parties before the court." *Ibid.* Although the term "necessary party" has become common legal parlance, the Sixth Circuit has cautioned that the phrase "is a misnomer. It does not mean 'essential parties'. Rather it means 'desirable parties' as distinguished from indispensable parties, on the one hand, and from proper parties, on the other hand. It means 'parties who should be joined, if feasible.'" *Id.* at 675 (internal citations omitted).

Policy considerations and equitable concerns have led the Sixth Circuit to adopt a three-part test for determining whether an action must be dismissed due to the absence of a party. *See Glancy*, 373 F.3d at 665-66:

> First, the court must determine whether the person or entity is a necessary party under Rule 19(a). Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction. Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should "in equity and good conscience" dismiss the case because the absentee is indispensable.

(internal citations and quotations omitted). The last two factors do not come into play in the present matter because the party under scrutiny is presently before the Court. The necessity of the party's presence, however, is addressed by Rule 19(a).

Under the first factor, then, three separate, but generally individually sufficient, considerations inform the Court's determination. First, the absent individual "is necessary if without joinder complete relief cannot be accorded among those already parties." 4 *Moore's Federal Practice* § 19.02[3][b] (citing Fed. R. Civ. P. 19(a)(1)). This subsection of Rule 19 embodies "an interest in efficiency and avoidance of inconsistent results." *Ibid.* Second, if subsection 19(a)(2)(i) is used to justify joinder, the absent individual must "claim an interest related to the subject of the

action." *Ibid.* Necessity arises here if the individual is "so situated" that failure to join her "as a practical matter, would impair or impede [her] ability to protect that interest." Fed. R. Civ. P. 19(a)(2)(i). Finally, joinder may be necessary if the absence of the individual would potentially subject the other parties to "double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(2)(ii).

Defendant Wells's request to withdraw from the lawsuit implicates both Federal Rule of Civil Procedure 19(a)(2)(i) and 19(a)(2)(ii). She is the mother of the plaintiff's child. *See* Am. Compl. at ¶ 15. After the child's birth, the Saginaw County prosecutor brought a paternity complaint against the plaintiff under Michigan's Paternity Act, Mich. Comp. Laws § 722.711 *et seq*. *See* Am. Compl. at ¶ 17. The plaintiff in this case has pleaded that the statute is unconstitutional as applied to him, and he should not have to pay child support. It is beyond debate that this lawsuit will affect the interest of Wells if she does not remain a party. Although the case is framed in terms of the plaintiff's constitutional rights, Dubay asks the Court to enjoin the governmental defendants from enforcing Michigan's Paternity Act against him. An injunction, of course, would mean that the paternity complaint Wells signed, which presently is being prosecuted by the Saginaw County prosecutor's office, likely could not proceed. As a practical matter, Wells's ability to protect her interest in recovering confinement costs and child support payments could be compromised by a judgment in this case. *See* Fed. R. Civ. P. 19(a)(2)(i). Wells's presence in this suit therefore is necessary so that her interest – the availability of child support – is protected.

Under Rule 19(a)(2)(ii), Wells's presence as a party defendant is necessary for a slightly different reason: the plaintiff potentially could be subject to inconsistent judgments. This Court could find that the plaintiff was entitled to some relief, but potentially the plaintiff still would be

liable in state court as a result of the suit initiated by Wells. Therefore, Wells is a necessary party and should not be dismissed from this action.

There remains the question whether other parties defendant can represent Wells's interests adequately. At lease one member of the panel in *Glancy v. Taubman Centers, Inc.* subscribed to the view that adequacy of representation may not be considered as part of "the threshold Rule 19(a) analysis"; it should arise only after a party's indispensibility already has been determined. *Glancy*, 373 F.3d at 668-69; *but see id.* at 677 (Rogers, J., concurring) (noting that he was "reluctant to conclude, however, that 'adequacy of representation' is categorically not to be considered as part of a Rule 19(a) analysis, and such a conclusion is unnecessary to our holding"). However, the Court believes that inquiry is pertinent in the present context since the question does not require dismissal of the action if joinder of a party is not feasible. Certainly the county prosecutor and the intervening Michigan attorney general are able to defend the constitutionality of the statute. But the plaintiff has alleged that Wells engaged in a species of misrepresentation and then refused to terminate her pregnancy, all to the detriment of the plaintiff. *See* Am. Compl. at ¶¶ 12-16. The Court finds that the remaining defendants likely would not be able to defend against these allegations adequately.

### III.

The Court determines that the presence of defendant Lauren Wells in this case is necessary for the complete adjudication of the rights of the parties affected by the plaintiff's claims and to avoid inconsistent judgments.

Accordingly, it is **ORDERED** that the stipulation to dismiss Lauren Wells as a party defendant is **REFUSED**.

                        s/David M. Lawson  
                        DAVID M. LAWSON  
                        United States District Judge

Dated: June 20, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 20, 2006.

                        s/Tracy A. Jacobs  
                        TRACY A. JACOBS